# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANNY LEE RAPLINGER,<br><br>    Defendant. | No. 05-CR-49-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

Before the court is the government's Motion in Limine ("Motion") (docket no. 77). The Motion was filed on September 11, 2006. On September 19, 2006, Defendant filed a Resistance. On September 20, 2006, the court held a hearing on the Motion.

## *II. THE MERITS*

In the Motion, the government asks the court for an order in limine barring Defendant from referring to or presenting evidence of: (1) the potential criminal penalties Defendant may face if he is convicted; (2) Defendant's convictions in state court for having sex with the victim in this case; (3) the victim's sexual history; and (4) the victim's alleged consent to Defendant's alleged sexual exploitation. The court considers each request, in turn.

### *A. Potential Criminal Penalties*

The government asks the court for an order in limine barring Defendant from referring to or presenting evidence of the potential criminal penalties Defendant may face if he is convicted. Specifically, the government does not want the jury to be informed of the potential federal prison sentence Defendant may have to serve if he is convicted. The

government contends that potential criminal penalties are irrelevant to whether Defendant is guilty of the crimes charged and, in any event, evidence of such penalties would be unduly prejudicial and confusing to the jury. *See* Fed. Rs. Evid. 401-403. Defendant does not resist this portion of the Motion.

The Eighth Circuit Court of Appeals has repeatedly held that the potential criminal penalties a defendant may face are irrelevant to the jury's duty to determine guilt or innocence. *See, e.g., United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990); *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990); *United States v. Goodface*, 835 F.2d 1233, 1237 (8th Cir. 1987); *United States v. Briscoe*, 574 F.2d 406, 408 (8th Cir. 1978). "Punishment is within the province of the court." *Delgado*, 914 F.2d at 1067.

> [I]n the federal system the traditional role of the jury has been to decide questions of guilt or innocence, and not to determine the proper punishment a defendant should receive. Consequently, sentencing procedures or details regarding a defendant's possible punishment are irrelevant to the issues that a federal jury must decide. To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it.

*Thomas*, 895 F.2d at 1200 (citation omitted); *accord* Eighth Circuit Model Criminal Jury Instruction No. 3.12 (2006) ("[I]f the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in determining whether the [g]overnment has proved its case beyond a reasonable doubt.").

"Evidence which is not relevant is inadmissible." Fed. R. Evid. 402. Because the potential criminal penalties Defendant may face if he is convicted are irrelevant to every issue in this case, the court shall exclude them. *Id.* In any event, the court finds that any relevance is substantially outweighed by the danger of unfair prejudice, confusion of the

2

issues, misleading the jury and waste of time. Fed. R. Evid. 403. The only end served by permitting Defendant to present evidence of the potential criminal penalties he may face is an impermissible one: appealing to the sympathies, passions or prejudices of the jury.

Accordingly, the court shall grant this portion of the Motion. Defendant is barred from referring to or presenting evidence of the potential criminal penalties Defendant may face if he is convicted.

### B. State Court Sexual Abuse Convictions

The government asks the court for an order in limine barring Defendant from referring to or presenting evidence of the fact that Defendant was convicted in state court on two counts of Sexual Abuse in the Third Degree, in violation of Iowa Code § 709.4 (2005),[1] for having sex with the alleged victim in this case. In the instant case, Defendant is charged with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2(a) and (b) and

---

[1]
>  A person commits [S]exual [A]buse in the [T]hird [D]egree when the person performs a sex act under any of the following circumstances:
>
>  . . . .
>
>  2. The act is between persons who are not at the time cohabiting as husband and wife and if any of the following are true:
>
>  . . . .
>
>  >  c. The other person is fourteen or fifteen years of age and any of the following are true:
>  >
>  >  . . . .
>  >
>  >  >  (4) The person is four or more years older than the other person.
>
>  Sexual abuse in the third degree is a class "C" felony.

Iowa Code § 709.4.

18 U.S.C. § 2251(a) and (e), Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

The government contends that the fact Defendant was convicted in state court of Sexual Abuse in the Third Degree "is irrelevant to the charges at bar and would serve only to confuse the jury and potentially cause unfair prejudice to the [government]." The government is concerned that allowing Defendant to inform the jury that he has been "convicted by [the State of Iowa] for sexually abusing the same minor would . . . creat[e] a false impression with the jury that [D]efendant has already been punished for his conduct." The government seeks exclusion of such evidence pursuant to Rule 403.

Defendant resists this portion of the Motion. Defendant states that he "intends to discuss the convictions as evidence of consent, and to prove that he and the victim engaged in various sexual acts many, many times before and after the incidents alleged in these federal charges." Defendant "suggest[s] that the spirit of [Rule 413(a)[2] and Rule 414(a)[3]]

---

[2] In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 413(a).

[3] In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

(continued…)

4

requires the admission of such evidence." Defendant makes clear, however, that he does not "conced[e] that either Rule 414(a) or Rule 413(a) applies in this matter."

The court need not directly address Defendant's "suggestion" about the "spirit" of Rule 413 and Rule 414. It is settled that evidence admissible under Rule 413 or Rule 414 is nonetheless subject to the Rule 403 balancing process. *United States v. Crawford*, 413 F.3d 873, 875 (8th Cir. 2005) ("Evidence admitted under Rule 413 is still subject to Rule 403 . . . ."); *United States v. Sumner*, 119 F.3d 658, 661 (8th Cir. 1997) ("The government takes the position that the Rule 403 balancing test applies to evidence admitted pursuant to Rule 414. We agree."). The court finds that, even if Rule 413(a) or Rule 414(a) renders evidence of Defendant's state court convictions admissible, the probative value of such convictions is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury and waste of time. Fed. R. Evid. 403.

Specifically, the court finds that the fact that Defendant was convicted in state court on two counts of Sexual Abuse in the Third Degree for having sex with the alleged victim in the instant federal case has little, if any, probative value here. Even if the court assumes that consent is a defense to the federal charges, Defendant would be entitled to prove that the alleged victim had consensual sex with Defendant; Defendant's state court convictions for having sex with the victim is a roundabout method of proving such consensual sex. In any event, Defendant himself admits that he was "convicted of a different crime in state court." The fact Defendant was convicted of Sexual Abuse in the Third Degree has little, if any, bearing on whether he committed the conduct necessary to prove that he sexually exploited a minor, distributed child pornography or possessed child

---

[3](…continued)
Fed. R. Evid. 414(a). Generally speaking, Rule 414(a) only applies when the victim is under the age of fourteen. Fed. R. Evid. 414(d).

pornography.

On the other hand, the dangers of unfair prejudice, confusion of the issues, misleading the jury and waste of time are great. Not only are the state and federal charges different, but evidence of Defendant's state court convictions may also lead the jury to the false conclusion that convicting Defendant on the instant federal charges would impermissibly punish him twice for the same conduct. Even though Defendant apparently concedes there are no double jeopardy concerns here,[4] the court finds the potential for confusion of the issues and undue prejudice substantially outweighs the minimal probative value of introducing evidence of such convictions. Defendant's attempt to introduce evidence of his state court convictions indirectly presents the same dangers that would be present if Defendant were allowed to introduce evidence of the potential criminal penalties involved in the instant federal offenses.[5] *See supra* Part II(A).

---

[4] The Eighth Circuit Court of Appeals has stated:

> Successive prosecutions by state and federal governments are not barred by the double jeopardy clause of the fifth amendment. *Abbate v. United States*, 359 U.S. 187, 196 (1959). Such prosecutions are sanctioned under the 'dual sovereignty' doctrine, which recognizes that a single act may constitute separate and distinct offenses against two sovereigns, punishable by both. *United States v. Wheeler*, 435 U.S. 313, 317 (1978); *Rinaldi v. United States*, 434 U.S. 22, 28 (1977); *Bartkus v. Illinois*, 359 U.S. 121, 132 (1959); *Abbate v. United States*, *supra*, 359 U.S. at 194.

*Pope v. Thone*, 671 F.2d 298, 300 (8th Cir. 1982) (citation and internal quotation marks omitted).

[5] Indeed, Defendant's argument tests the outer parameters of zealous advocacy.
(continued…)

Accordingly, the court shall grant this portion of the Motion. Defendant is barred from referring to or presenting evidence of the fact that Defendant was convicted in state court for Sexual Abuse in the Third Degree for conduct involving the same alleged victim. Fed. R. Evid. 403; *see, e.g., United States v. Hoschchild*, 1997 WL 705089, at *2 (6th Cir. Nov. 5, 1997) (unpublished table disposition) (affirming district court's decision to enter an order in limine forbidding the defendant from directly or indirectly referencing a state court conviction which the defendant erroneously claimed implicated his double jeopardy rights); *United States v. Andrews*, 1991 WL 74922, at *1-2 (N.D. Ill. Apr. 22, 1991) (similar).

### C. Remaining Requests

The government also asks the court for an order in limine barring Defendant from referring to or presenting evidence of the victim's sexual history and the victim's consent to Defendant's alleged sexual exploitation. Defendant has contemporaneously filed a Motion for Determination of Admissibility of Evidence Pursuant to Federal Rule of Evidence 412 ("Motion for Determination") (docket no. 80).[6] Because the court will address the government's sexual-history and consent arguments in resolving the Motion for Determination, the court shall deny these portions of the Motion as moot.

---

[5](…continued)
Counsel for Defendant admits that this is a "rather unusual procedural posture" because "it is the [government], and not the Defendant, who [sic] seeks to exclude 'other crimes' evidence at trial." Clearly, Defendant's argument is a thinly veiled attempt at an "end-run around" the Eighth Circuit Court of Appeals's prohibition on evidence of punishment reaching the jury. It is nothing more than an appeal to the passions of the jury and an effort to urge them to acquit Defendant because Defendant has already suffered some punishment for his interactions with the alleged victim.

[6] Generally speaking, Rule 412(b)(1)(2) permits a defendant to introduce evidence of a victim's sexual conduct to prove consent.

### *III. CONCLUSION*

**IT IS THEREFORE ORDERED**:

(1) The government's Motion in Limine (docket no. 77) is **GRANTED IN PART AND DENIED IN PART**;

(2) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects; and

(3) Each party is charged with the responsibility of cautioning its witnesses of this order on this Motion in Limine.

**IT IS SO ORDERED.**

**DATED** this 20th day of September, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA